1  CENTER FOR DISABILITY ACCESS
   Raymond G. Ballister, Jr., SBN 111282
2  Phyl Grace, Esq., SBN 171771
   Christopher Seabock, SBN 279640
3  Mail: PO Box 262490
   San Diego, CA 92196-2490
4  Delivery: 9845 Erma Road, Suite 300
   San Diego, CA 92131
5  (858) 375-7385; (888) 422-5191 fax
   phylg@potterhandy.com
6
   Attorneys for Plaintiff
7

8

9              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
10

11

   **Chris Langer**,                    | Case No.: 2:14-CV-00373-RGK-RZ
12
          Plaintiff,
13                                       | **PLAINTIFF'S MEMORANDUM OF
      v.                                 | CONTENTIONS OF LAW AND FACT**
14
   **Chantha Tim,** in his individual and
15 representative capacity as co-trustee of | Pre-Trial Conference: December 1, 2014
   the Tim and Horn Trust;                | Time: 9:00 a.m.
16 **Leng H. Gau**; and Does 1-10,
17        Defendants.                     |  Complaint Filed: January 16, 2014
                                          |  Trial Date: December 16, 2014
18
19                                        |  Honorable Judge R. Gary Klausner
20

21

22

23

24

25

26

27

28

Plaintiff's Memorandum of Contentions                    2:14-CV-00373-RFK-RZ

Pursuant to Central District Local Rule 16-4, the plaintiff submits his Memorandum of Contentions.

**L.R. 16-4.1 CLAIMS**

**(a)      Summary of Claims**

Claim 1: Defendants violated the Americans with Disabilities Act by failing to have a compliant parking space accessible to disabled persons.

Claim 2: Defendants violated the Unruh Civil Rights Act by failing to comply with the ADA.

Claim 3: Defendants violated the California Disabled Persons Act by failing to comply with the ADA.

Claim 4: Defendants were negligent by breeching their general and statutory duty to accommodate Mr. Langer's disability when they failed to provide an accessible parking space, denying Mr. Langer full and equal access.

**(b)      Elements Required to Establish Claims**

**Claim #1**

1. Plaintiff has a disability within the meaning of the ADA.

2. Defendants own, lease, or operate a facility, which is a place of public accommodation, and therefore governed by Title III of the ADA.

3. Defendants discriminated against Plaintiff within the meaning of the ADA by either:

   a. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities;

Plaintiff's Memorandum of Contentions                                    2:14-CV-00373-RFK-RZ

b. Failing to remove architectural barriers (defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D") where such removal is readily achievable; or

c. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

4. To obtain injunctive relief under the ADA: that Plaintiff is likely to return and face the same discriminatory conditions and injury in the future unless an injunction issues.

**Claim #2**

1. That Plaintiff's rights under the ADA were violated.

2. To recover actual damages under the Unruh Act: that Defendants' discrimination denied Plaintiff full and equal access.

3. To recover statutory damages under the Unruh Act: that Defendants' discrimination resulted in difficulty, discomfort, or embarrassment for Plaintiff.

**Claim #3**

1. That Plaintiff's rights under the ADA were violated.

2. To recover actual damages under the California Disabled Persons Act: that Defendants' discrimination denied Plaintiff full and equal access.

3. To recover statutory damages under the California Disabled Persons Act: that Defendants' discrimination resulted in difficulty, discomfort, or embarrassment for Plaintiff.

Plaintiff's Memorandum of Contentions                    2:14-CV-00373-RFK-RZ

**Claim #4**

1. That the Plaintiff's rights under the ADA were violated.

**(c)      Key Evidence**

Plaintiff's key evidence will be his own testimony, the testimony and photographs of Plaintiff's investigator, Victor Garcia, and the testimony and photographs of Plaintiff's expert witness, Paul Bishop.

Plaintiff will testify about his disability, that he sought to patronize Defendants' business, that Defendants' parking lot had no compliant accessible parking spaces, that this caused Plaintiff difficulty, discomfort, and/or embarrassment, and that Plaintiff would return and patronize Defendants' business but will continue to be denied full and equal access until Defendants provide accessible parking spaces.

Mr. Garcia will testify about the condition of Defendants' business at the time of his investigation and lay the foundation for the photographs he took.

Mr. Bishop will testify about his inspection of Defendants' business, the condition he found it in, and whether the business' condition complied with the Americans with Disabilities Act Accessibility Guidelines at the time of the plaintiff's visit and at the time of the site inspection.

**(d)-(g) Not Applicable to Plaintiff's Memorandum**

**(h)      Anticipated Evidentiary Issues**

Defendants did not list any non-party witnesses in their initial disclosures or discovery responses, so Plaintiff anticipates objecting to any non-party witnesses they may call at trial.

Plaintiff's Memorandum of Contentions                                            2:14-CV-00373-RFK-RZ

Defendants produced a variety of documents in their discovery responses, such as inspection records and City of Long Beach guidelines, which give rise to foundational, relevance, and hearsay objections.

**(i)      Issues of Law**

The following issues of law need to be resolved in this case.

**1.  Whether Plaintiff is Disabled within the Definition of the ADA**

Under the ADA, a disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Plaintiff asserts that, as a paraplegic who cannot walk and requires a wheelchair for mobility, he falls within this definition.

**2. Whether Defendants Discriminated Against Plaintiff by Failing to Provide an Accessible Parking Space**

The term "discriminated" is a little misleading:

> Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to eliminate more passive forms of discrimination, e.g., a person is physically unable to enter the premises because it lacks a wheel-chair accessible entrance. H.R.Rep. No. 101-485(II) at 99 (1990), reprinted at 1990 U.S.C.C.A.N. 303, 382 (a primary purpose of the ADA is to "bring individuals with disabilities into the economic and social mainstream of American life.")

Independent Living Resources v. Oregon Arena Corp., 982 F.Supp. 698, 706 fn. 1 (D. Org. 1997).

One manner of discrimination is to either build facilities that do not comply with the code or to fail to modify facilities, i.e., remove barriers, to bring

them into compliance with the access standards. 42 U.S.C. §
12182(b)(2)(A)(iv). The word "barrier" is a term of art and not subject to
subjective interpretation. A barrier is defined as a condition that does not meet
the access standards under the Americans with Disabilities Act Accessibility
Guidelines ("ADAAG") found in the Code of Federal Regulations. Chapman v.
Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) ("Chapman")
[citing the DOJ's formal position, "any element in a facility that does not meet
or exceed the requirements set forth in the ADAAG [is] a barrier to access."].

Plaintiff asserts that, by failing to provide an accessible parking space,
Defendants discriminated against him.

### 3. Whether Plaintiff was Denied Full and Equal Access

Under the ADA, it is "not necessary" that the barrier "completely
preclude the plaintiff from entering or from using the facility in any way," rather
the "barrier need only interfere with the plaintiff's full and equal enjoyment of
the facility." Chapman at 947. The law focuses on equality of access not
ultimate access. "The standard cannot be *is access achievable in some manner*.
We must focus on the equality of access. If a finding that ultimate access could
have been achieved provided a defense, the spirit of the law would be defeated.
It is clear, that the legislative purpose behind these disability access laws would
not support such a finding." Boemio v. Love's Restaurant, 954 F.Supp. 204, 208
(S.D. CA 1997). In fact, there is an objective standard for determining whether
"full and equal" access has been provided. That objective standard is the
American with Disabilities Act Accessibility Guidelines or "ADAAG." "The
ADAAG provides the objective contours of the standard that architectural
features must not impede disabled individuals' full and equal enjoyment of
accommodations." Chapman at 945.

Plaintiff's Memorandum of Contentions                                    2:14-CV-00373-RFK-RZ

1   Plaintiff asserts that he encountered Defendants' lack of accessible
2   parking compliant with section 4.1.2, paragraph 5, of the ADAAG and,
3   therefore, was denied full and equal access.

4

5   **4. Whether Plaintiff Experienced Difficulty, Discomfort, and**
6   **Embarrassment**

7   Statutory damages under California's Unruh and Disabled Persons Acts
8   are awarded only when the violation denied the plaintiff full and equal access.
9   Cal. Civ. C. § 55.56(a). This denial takes place "only if the plaintiff personally
10  encountered the violation on a particular occasion, or the plaintiff was deterred
11  from accessing a place of public accommodation on a particular occasion." Cal.
12  Civ. C. § 55.56(b). This standard is further specified: "A violation personally
13  encountered by a plaintiff may be sufficient to cause a denial of full and equal
14  access if the plaintiff experienced difficulty, discomfort, or embarrassment
15  because of the violation." Cal. Civ. C. § 55.56(c).

16  Plaintiff asserts that he experienced difficulty in parking and accessing
17  Defendants' market due to the lack of accessible parking.

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Memorandum of Contentions                              2:14-CV-00373-RFK-RZ

**L.R. 16-4.4.  JURY OR BENCH TRIAL**

None of the parties requested jury trial. Plaintiff anticipates a 1-2 day bench trial.

**L.R. 16-4.5 ATTORNEY'S FEES**

The plaintiff is entitled to attorney's fees under 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3, and Cal. Civ. Proc. § 1021.5.

**L.R. 16-4.6 ABANDONMENT OF ISSUES**

N/A

Dated: November 20, 2014                   CENTER FOR DISABILITY ACCESS


                                           By: _/s/ Christopher A. Seabock__
                                           CHRISTOPHER A. SEABOCK
                                           Attorney for Plaintiff